THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| PATRICIA CARPENTER ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO.:   1:10-CV-17 |
| ) | |
| CITY OF CHARLESTON, ) | |
| JACKIE WHITESIDE, JACK ) | |
| FREEZOR, DAVID MANKER, and ) | |
| DAN GRUEN ) | |

**PLAINTIFF'S RESPONSE TO THE
STATEMENT OF UNCONTROVERTED FACTS**

COMES NOW, plaintiff, by and through her attorney, John J. Allan, and for her response to the defendant's material uncontroverted material facts:

1) Plaintiff admits Fact 1.

2) Plaintiff admits Fact 2.

3) Plaintiff admits Fact 3.

4) Plaintiff admits Fact 4.

5) Plaintiff admits Fact 5.

6) Plaintiff admits Fact 6.

7) Plaintiff admits Fact 7, but states this is not a material fact in that it applies to a time when the liquor license was not held by the Plaintiff and more than three years before the refusal to renew. (§311.040 R.S. MO; §311.212 (R.S. MO) Modern Day Veterans Chptr. No. 251 v. City of Miller, 128 S.W.3d 176, 2004 Mo. App. LEXIS 263 (Mo. Ct. App. 2004).

1

8) Plaintiff admits Fact 8, but states this is not a material fact or relevant fact because it relates to Willie Carpenter, not the Plaintiff, and it applies to a time 7 years prior to the when the liquor license held by Plaintiff was not renewed by the Plaintiff. §311.212 (R.S. MO)

9) Plaintiff admits Fact 9 but states this is not a material fact or relevant fact in that it applies to a time when the liquor license was not held by the Plaintiff. §311.212 (R.S. MO)

10) Plaintiff denies Fact 10 in that Plaintiff applied for a liquor license in her own name and such license was granted to her knowing it was for the same location and purpose of Willie Carpenter, known to be her husband.

11) Plaintiff admits Fact 11.

12) Plaintiff admits Fact 12, and further states this consideration is subject to factual disputes on which reasonable minds might differ as to reasonable as opposed to arbitrarily interpretation, and application and may be an abuse of the police power.

13) Admit that the police report speaks for itself, but is not a material or probative fact in that it is hearsay, but more importantly the report is vague as to its meaning or interpretation.

14) Admit that the police report speaks for itself, but is not a material or probative fact in that it is hearsay, but more importantly the report is vague as to its meaning or interpretation.

15) Plaintiff admits Fact 15 but states this is not a material fact or relevant fact in that it applies to a time when the liquor license was not held by the Plaintiff. §311.212 (R.S. MO)

16) Admit that the police report speaks for itself, but is not a material or probative fact in that it is hearsay, but more importantly the report is vague as to its meaning or interpretation of an "assault" and relates to incidents more than three years prior to June 30, 2003.    §311.212 (R.S. MO)

17) Admit that the police report speaks for itself, but is not a material or probative fact in that it is hearsay, but more importantly the report is vague as to its meaning or interpretation of an "assault" and refers to incidents more than three years prior to June 30, 2003. §311.212 (R.S. MO)

18) Admit that the police report speaks for itself, but is not a relevant or material probative fact of whether the Plaintiff has operated her establishment outside her license as it occurred more than three years prior to June 30, 2003. §311.212 (R.S. MO)

19) Admit that the police report speaks for itself, but is not a material or probative fact in that it is hearsay, but more importantly the report is vague as to its meaning or interpretation of how this incident has a connection under the control of the Plaintiff, and it occurred more than three years prior to June 30, 2003.  §311.212 (R.S. MO)

20) Admit that the police report speaks for itself, but is not a material or probative fact in that it is hearsay, but more importantly the report is vague as to its meaning or interpretation of a "fight inside the bar" and occurred more than three years prior to June 30, 2003. §311.212 (R.S. MO)

21) Admit that the police report speaks for itself, but is not a material or probative fact in that it is hearsay, but more importantly the report is vague as to its meaning or interpretation of a "fight and an unruly crowd".

22) Admit that the police report speaks for itself, but is not a material or probative fact in that it is hearsay, but more importantly the report is vague as to its meaning or interpretation of an "on the premises", and how the Plaintiff may have been in any control of the incident.

23) Admit that the police report speaks for itself, but is not a material or probative fact in that it is hearsay, but more importantly the report is vague as to its meaning or interpretation

of an what shell casings "on the premises" means, and how the Plaintiff may have been in been in any control of the trash being placed where it was found, and finding debris of the waste of gunfire, even if it portends a violent episode, is only indicative of the extreme efforts being made to justify the Defendant's wrongful refusal to renew a license.

24) Admit that the police report speaks for itself, but is not a material or probative fact in that it is hearsay, but more importantly the report is refers to an incident on premises under the business license of Li'l Bros, not covered by the liquor license at Bros Kickin' across the street.

25) Admit that the police report speaks for itself, but is not a material or probative fact in that it is hearsay, but more importantly the report refers to an incident on premises under the business license of Li'l Bros, not covered by the liquor license at Bros Kickin' across the street.

26) Admit that the police report speaks for itself but contains hearsay statements and is vague as to its meaning or interpretation of an "on the premises", referes to an incident that occurred on premises under the business license of Li'l Bros, and not covered by the liquor license at Bros Kickin' across the street.

27) Admit that the police report speaks for itself, but is not a material or probative fact in that it is hearsay, but more importantly the report refers to an incident not covered by the liquor license at Bros Kickin' across the street.  Plaintiff admits that an incident occurred that by any standards was violent and unfortunate, but one that was not caused or contributed to or within the control of the license holder who had only a business license to operate a business, (dance hall) at that location and the incident had nothing to do with the operation of Bros Kickin' across the street and under a separate liquor license, and Bros Kickin' was closed at the time of the incident.

28) Plaintiff cannot admit or deny 28 and the reasoning of the city but the Plaintiff admits the ultimate fact of the suspension.

29) Plaintiff admits Fact 29.

30) Plaintiff admits Fact 30.

31) Plaintiff admits Fact 31.

32) Plaintiff admits Fact 32.

33) Plaintiff denies Fact 33, that the City Attorney's recommendation was solely based on the health, safety, and welfare of the City of Charleston and its citizens.

34) Plaintiff denies Fact 34, in that it was not based on the Plaintiff's ability to maintain a safe and orderly business as he had no knowledge or expertise to make that opinion. This is a question of fact.

35) Plaintiff admits Fact 35.

36) Plaintiff admits Fact 36.

37) Plaintiff admits Fact 37 but deny it was based on the Plaintiff's inability to maintain a safe and orderly business as he had no knowledge of that fact. This is a question of fact.

38) Plaintiff deny Fact 38.

39) Plaintiff denies Fact 39 in that the but for two incidents, the incident used to justify the refusal were more than 3 years old and therefore not to be used as a basis of denial of a renewal and to do so is contrary to State law and the constitutional rights of the Plaintiff to the equal protection and due process of the Missouri Constitution. §311.212 (R.S. MO) Article 1 Sec. 2 and Sec 10.

40) Plaintiff admits Fact 40.

5

41) Plaintiff admits Fact 41.

42) Plaintiff denies Fact 42.

43) Plaintiff denies Fact 43 in that but for two incidents, the incident used to justify the refusal were more than 3 years old and therefore contrary to State law and the constitutional rights of the Plaintiff to the equal protection and due process of the Missouri Constitution. §311.212 (R.S. MO) Article 1 Sec. 2 and Sec 10.

44) Plaintiff admits Fact 44.

45) Plaintiff admits Fact 45.

46) Plaintiff strongly denies this assertion of uncontroverted fact. Plaintiff denies Fact 46 in that, but for two incidents, the incident used to justify the refusal were more than 3 years old and therefore contrary to State law and the constitutional rights of the Plaintiff to the equal protection and due process of the Missouri Constitution. §311.212 (R.S. MO) Article 1 Sec. 2 and Sec 10.

47) Plaintiff strongly denies this fact in that race was a material factor in how the city perceives the area where the Plaintiff's establishments are located, the types of crowds the establishment draw, the revocation of licenses based on activities not within the control of the license holders when they are a minority and not seek action against the license of a Knights of Columbus Hall, or with Casey's General Store with an equal or greater record of location violence, the revocation of the Marshall Curran's, also a minority and ironically the mayor of the City at the time, license to sell package liquor for activities outside his control, all weigh against unbiased treatment. (Plaintiff's Exhibit 1, Paul Johnson Depo. P.37, LL. 6-17; Plaintiff's Exhibit 2, Contrast with Michael O'Rourke, City Attorney, Deposition P. 58, LL. 1-25)

48) There are two paragraphs numbered 48. Plaintiff denies the Facts in both 48s. This very petition is that appeal. This case was filed in the Circuit Court of Mississippi County and removed for federal question jurisdiction to the Federal Court. Ordinances 635.020.1, even if they do not apply directly to the refusal to renew are in direct and irreconcilable conflict with the Liquor Control Law of the State of Missouri and there for void, but its enactment is indicative of an effort to deny licensing rights for arbitrary reasoning. (See Liquor Control Law §311 et seq. R.S. MO)

49) Plaintiff denies Fact 49. This petition before this honorable court should serve as such a petition, the allegation of which relate to the same transactions and occurrences in the original petition filed in 2004 which by court rule revert back to the original filing date. S. Ct. Rule 55.01 et seq.

50) Plaintiff admits Fact 50.

51) Plaintiff admits Fact 51.

52) Plaintiff admits Fact 52.

53) Plaintiff admits Fact 53.

## ADDITIONAL MATERIAL UNCONTROVERTED FACTS

54) The Plaintiff's liquor by the drink license is only one of two issued by the City of Charleston at the time, one whose racial make-up in ownership is unknown and one is the Plaintiffs owned. (Plaintiff's Exhibit 1, Paul Johnson P. 24 LL. 3-17)

55) There are twelve establishments with liquor licenses in the City of Charleston. Most do not sell liquor by the drink, within the City of Charleston and only two are owned by minorities, Plaintiff's and Marshall Curran) and both of them have had disciplinary action against their licenses. (Plaintiff's Exhibit 3, Curran Depo. P. 6 L 10 to P. 9 L. 1-5)

56) Marshall Curran's liquor and business license was revoked for an incident that occurred on premises he did not even own or have control of and after his Gas-O-Mat station was closed. (Plaintiff's Exhibit 3, Curran Depo. P. 6 L 10 to P. 9 L. 1-5)

57) The Plaintiff uses metal detectors to detect weapons at functions at Li'l Bros., the dance hall, the owner has someone personally present to watch the crowd at the dance hall, no liquor is sold inside the Li'l Bros. during events, although guests may have brought their own beverages into the establishment. (Plaintiff's Exhibit 4, Willie Carpenter Depo P. 23 LL. 10-13)

58) Li'l Bros was torn down in 2006, by the Carpenters because they could not afford to make the repairs required by the City Building Commission which cited several Building Code violations. (Plaintiff's Exhibit 5, Plaintiff's Depo P. 17, LL. 15 through 24) (Plaintiff's Exhibit 4, Willie Carpenter Depo. P. LL.  )

59) On May 23, 2003, Bros. Kickin' was not open at all the night of the riot "riot" because the Carpenters do not open it when Li'l Bros is in use. (Plaintiff's Exhibit 4, Willie Carpenter Depo. P.40 LL.23-25)

60) Bros Kickin' is operated by Plaintiff under a separate license, for a separate piece of property, and a separate and distinct business purpose as a tavern to sell alcoholic beverages by the drink. (Plaintiff's Exhibit 5, Plaintiff Depo P.  13 , LL. 14 through 15, P. 26, LL. 5 through 22)

61) The liquor license for Bros Kickin' was denied renewal because the Plaintiff owned Li'L Bros across the street where the riot took place (Plaintiff's Exhibit 2, Michael O'Rourke Depo P. 50 LL.20-23).

62) The Plaintiff operates an orderly establishment in a business-like manner which serves the needs of the City of Charleston and had been renewed repeatedly at her place of

8

business since 1996. (Plaintiff's Exhibit 6, Patricia Carpenter Supplemental Depo. P. 7 LL 2-25; P 8. LL 1-15)

63) On May 10, 2003, two weeks before the incident at Li'l Bros, ordinance 635.020 was discussed and passed and it was specifically designed to "tighten up" the Liquor License and Business Licenses and Plaintiff believes it was done in anticipation of the time when her liquor license was to be renewed so that the City could deny it. (Plaintiff's Exhibit 6, Patricia Carpenter Supplemental Depo. P. 7 LL 2-25; P 8. LL 1-15)

64) She was told by Michael O'Rourke, the City Attorney, at a June 10 meeting, or believed that the City of Charleston will never give her another business or liquor license. (Plaintiff's Exhibit 6, Patricia Carpenter Supplemental Depo. P. 7 LL 2-25; P 8. LL 1-15)

65) She reapplied for a business and liquor license for Bros Kickin' in 2006 and was denied without explanation. (Plaintiff's Exhibit 6, Patricia Carpenter Supplemental Depo. P.6 LL. 14-22) (Plaintiff's Exhibit 7, James Conn Depo. P. 38 LL. 2-13)

66) She was at all times qualified to obtain a business and liquor license when she applied. (Plaintiff's Exhibit 7, James Conn Depo. P. 16 LL. 5-22)

67) James Conn testified in his depositions that she would receive more scrutiny than otherwise due if she applied for a liquor license for Bros Kickin'. (Plaintiff's Exhibit 7, James Conn Depo. P. 33 LL. 22 to 25; P. 34 LL. 1- 19)

**ALLAN & SUMMARY**

**By /s/ John J. Allan**
**JOHN J. ALLAN, #19079**
11 S. Newstead
St. Louis, Missouri 63108
Phone 314-531-2442
Fax 314-531-2485
jja@allanlaw.com

9

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed with the Clerk of the court on this 9th day of May, 2011 to be served by operation of the Court's electronic filing system upon:  Mr. Michael E. Bub, Mr. D. Keith Henson, Paule, Camazine and Blumenthal, 165 N Meramec, Suite 110, St. Louis, MO 63110.

/s/ John J. Allan