UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| PATRICIA CARPENTER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 1:10 CV 17 RWS |
| v. | ) | |
| | ) | |
| CITY OF CHARLESTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Patricia Carpenter asserts various causes of action arising from the City Counsel for the City of Charleston, Missouri denying her application to renew a business and liquor license for her former businesses, Bro's Kickin and Lil'Bro's. This matter is currently before me on Defendants' Motion for Summary Judgment [#48]. For the reasons stated below, I will grant summary judgment in favor of Defendants on Carpenter's federal claims and will decline to exercise supplemental jurisdiction over her state law claims.

**I.      Background**

Carpenter operated two businesses in the City of Charleston, Missouri. The two businesses were Bro's Kickin, a tavern, and Li'l Bros, a hall that could be rented for social gatherings. Charleston's City Counsel granted Carpenter a liquor license to operate Bros Kickin' and a business license to operate Li'l Bros. Charleston's City Counsel approved her applications to renew her business and liquor licenses annually until June 2003. Charleston's City Counsel asserts her licenses were not renewed after a period of violence at Lil Bro's. Carpenter asserts the City Counsel's denial of her applications to renew her licenses were in violation of her Fourteenth Amendment rights to due process and equal protection. She also asserts several state

law claims.

## II. Legal Standard

In considering whether to grant summary judgment, a district court examines the "pleadings, the discovery and disclosure materials on file, and any affidavits." Fed. R. Civ. P. 56(c)(2). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998). When a genuine issue of material fact exists, summary judgment should not be granted.

The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the nonmoving party has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

## III. Discussion

### A. Claims arising under Federal Law

Carpenter asserts that she has been denied due process under the Fourteenth Amendment

because a hearing was not held by the City Counsel prior to the denial of her applications and that the denials constituted an unconstitutional taking without just compensation. Next, Carpenter asserts she has been denied equal protection under the law in violation of the Fourteenth Amendment because there was no hearing before the denial of her applications, while a licensee facing revocation or suspension of a license is entitled to a hearing under Charleston's ordinances. These claims are asserted repetitively throughout her Third Amended Complaint. Carpenter also asserts a claim for damages under 42 U.S.C. § 1983 for the same alleged violations of her constitutional rights.

"The Due Process Clause of the Fourteenth Amendment entitles a person to procedural due process when a protected property interest is at stake." Schuller v. Goddard, 631 F.3d 460, 462 (8th Cir. 2011). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Board of Regents v. Roth, 408 U.S. 564, 577 (1972). Both the Missouri Supreme Court and the United States Court of Appeals for the Eighth Circuit have recognized that there is no property interest in the renewal of a liquor license. In Zenco Dev. Corp. v. City Overland, 843 F.2d 1117 (8th Cir. 1988), the Eighth Circuit held the decision to not renew Zenco's city liquor license without a hearing was not a violation of its procedural due process rights because the municipal ordinance did not require notice or a hearing prior to the denial of the application, relying on a Missouri Supreme Court decision that a licensee has no property interest in the renewal of a license. Id. at 1118 (citing State ex rel. Garrett v. Randall, 527 S.W.2d 366 (Mo. 1975) (stating ).

Similarly, in this case, the ordinances cited by Carpenter do not require a hearing prior to

-3-

the denial of an application to renew a license[1] and she has no independent property interest in the renewal of her licenses because she had no entitlement to the licenses being renewed. As a result, the City Counsel's denial of Carpenter's application to renew her licenses did not violate her due process rights under the Fourteenth Amendment and did not constitute an unconstitutional taking. Because Carpenter's due process rights were not violated, I will grant summary judgment in favor of Defendants on these claims.[2]

Carpenter also asserts Charleston's ordinances denied her equal protection in contravention of Fourteenth Amendment because a party filing an application for renewal of a license is not entitled to a hearing, but a licensee whose license may be revoked or suspended is entitled to a hearing under Charleston's ordinances.[3] The Missouri Supreme Court has rejected this argument because there is a rational basis for the distinction between an applicant and a licensee. An applicant for a license is seeking something it does not yet have while a party

---

[1]Sections 600.170 and Section 630.140 of Charleston's ordinances contemplate the City Counsel setting a matter for a hearing regarding the revocation or suspension of a license. Carpenter asserts she was denied the right to a hearing in conjunction with the City Counsel's decision to not renew her license.

[2]Interestingly, Defendants assert Carpenter was given notice the City Counsel would be considering her renewal applications, Carpenter attended the City Counsel's meeting with her attorney, and her attorney was given the opportunity to speak on her behalf and in favor of approving her applications. Carpenter does not refute this assertion and notes in her Response that City Attorney Mike O'Rourke spoke at the "public hearing" concerning her application. She also acknowledges there were multiple violent episodes at Lil'l Bros in the year preceding the denial of her renewal applications.

[3]Carpenter's Response to Defendants' Motion for Summary Judgment appears to argue that her equal protection rights were denied on the basis of her race. Race discrimination is not asserted in her Third Amended Complaint and she has not sought leave to amend her complaint. Her Response is not the proper mechanism for amending her Third Amended Complaint and I will not consider the new claims asserted for the first time in her Response.

whose license may be revoked or suspended has a property interest in its existing license. State ex re. Garrett v. Randall, 527 S.W.2d 366, 373 (Mo. 1975). As a result, I will granted summary judgment in favor of Defendants on Carpenter's equal protection claim.

In order to state a claim under Section 1983, Carpenter must establish she has been deprived of a right secured by the United States Constitution. 42 U.S.C. § 1983. As discussed above, Carpenter has failed to establish the deprivation of a right secured by the Constitution. As a result, I will grant summary judgment in favor of Defendants on each of her federal law claims.

B.   Claims Arising Under State Law: Supplemental Subject Matter Jurisdiction

Because I have granted summary judgment in favor of Defendants on each of Carpenter's federal claims, I decline to exercise supplemental jurisdiction over her state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if the district court has dismissed all claims over which it had original jurisdiction); Thomas v. Dickel, 213 F.3d 1023, 1026 (8th Cir. 2000); Franklin v. Zain, 152 F.3d 783, 786 (8th Cir. 1998). As a result, Carpenter's state law claims are dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants' Motion for Summary Judgment [#48] is **GRANTED in part and DENIED in part**. Summary Judgment is granted in favor Defendants on Plaintiff's federal claims and Plaintiff's state claims are dismissed without prejudice.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of July 2011.